# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 08-0334V
Filed: March 4, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
RODNEY CAUDILLO and                        \*
DINA CAUDILLO, parents of                  \*
R.P.C., a minor,                           \*
                                           \*     Autism; Attorneys' Fees and Costs;
          Petitioners,          \*     Attorneys' Hourly Rates; Paralegals'
v.                                         \*     Hourly Rates
                                           \*
SECRETARY OF HEALTH                        \*
AND HUMAN SERVICES,                        \*
                                           \*
          Respondent.           \*
                                           \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Richard Gage, Esq., Richard Gage P.C., Cheyenne, WY, for petitioners.
Lynn E. Ricciardella, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Vowell,** Chief Special Master:

    On May 6, 2008, Rodney Caudillo and Dina Caudillo, ["petitioners"] filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"][2] on behalf of their son, R.P.C. On November 19, 2013, I dismissed petitioners' claim for failure to prosecute.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"] is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 et seq. (2006) ["Vaccine Act" or "the Act"].  All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On January 23, 2014, petitioners filed a motion for final attorneys' fees and costs in the total amount of $23,155.38.  Petitioners' Motion ["Pet. Motion"] at 1.  In lieu of filing a Vaccine General Order #9 statement, petitioners' counsel represents that petitioners personally incurred $350.00 in costs that are compensable under § 15 (e)(1). *Id.* at 1, 5.

Respondent filed a response to petitioners' request on February 18, 2014.  Respondent "does not contest that petitioners are entitled to an award of reasonable attorneys' fees and costs" (Respondent's Response ["Res. Response"] at 2) but objects only to the hourly rates requested for the attorneys and paralegals who worked on the case (*id* at 5-7).  Respondent had no objection to the hours expended or costs sought. *Id.*

Although I dismissed petitioners' claim, I find that petitioners are entitled to an award of attorneys' fees and costs pursuant to §§ 15(b) and (e)(1) as the petition was brought in good faith and upon a reasonable basis.  The only issue to be resolved in this decision involves the amount of attorneys' fees and costs requested.

## I. Applicable Legal Standards.

The Vaccine Act allows a special master to award "reasonable attorneys' fees and other costs . . . if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  § 15(e)(1).

Reasonable attorneys' fees are determined using the lodestar approach, "'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Avera v. Sec'y, HHS*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  A reasonable hourly rate is "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"  *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  When the majority of an attorney's work is completed outside the District of Columbia and there is a "very significant difference" favoring the forum hourly rate, the rate from the attorney's geographic location is used.  *Avera*, 515 F.3d at 1349 (adopting the exception to the forum rule found in *Davis*[3]).

Special masters may increase or reduce the initial fee award calculation based on specific findings (*Avera*, 515 F.3d at 1348) and are "entitled to use their prior experience in reviewing fee applications" (*Saxton v. Sec'y, HHS*, 3 F.3d 1517, 1521 (Fed. Cir. 1993)).  They are "afforded wide discretion in determining the reasonableness of costs, as well as attorneys' fees." *Perreira v. Sec'y, HHS*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

---

[3] *Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Enviornmental Protection Agency*, 169 F.3d 755, 758 (D.C.Cir. 1999).

## II. Analyzing Respondents' Objections.

### A. Hourly Rate for Attorneys Richard Gage and Donald Gerstein.

Petitioners request an hourly rate of $260.00 for both Mr. Gage and Mr. Gerstein for work performed in 2011[4]-12 and an hourly rate of $270.00 for work performed in 2013. Respondent opposes this increase in the attorneys' hourly rate, asserting "there is no justification" for the increase. Res. Response at 5. Citing to the Consumer Price Index (CPI), respondent argues that inflation would warrant an increase from 2012 to 2013 of $263.00.[5]

Examining fees awards for attorneys in Cheyenne, Wyoming, for work performed between 2005-12, one of my colleagues concluded that a reasonable hourly rate for the area during this time period was $200.00 to $250.00 per hour. *Lawrence v. Sec'y, HHS*, No. 09-435V, 2013 WL 3146775, at *4 (Fed. Cl. Spec. Mstr. May 28, 2013). He awarded an hourly rate of $260.00 for work performed by Mr. Gage in both 2012 and 2013. *Id.* Likewise, he and another of my colleagues recently awarded the same rate of $260.00 for both Mr. Gage and Mr. Gerstein for work performed in 2011-2013. *Dingle v. Sec'y, HHS*, No. 08-579V, 2014 WL 630473, at *3 (Fed. Cl. Spec. Mstr. Jan. 24, 2014); *Walters v. Sec'y, HHS,* No. 06-379V, 2013 WL 4874319, at *3 (Fed. Cl. Spec. Mstr. Aug. 22, 2013).

I find inadequate justification for an increase of $10.00 from 2012 to 2013 in the hourly rates for Mr. Gage and Mr. Gerstein. Accordingly, I will award attorneys' fees based on a rate of $260.00 for the attorney hours specified by petitioners. Since Mr. Gage billed 13 hours for work performed in 2013, his fee amount is reduced by $130.00 to $5,226.00.[6] Since Mr. Gerstein billed 25.9 hours for work performed in 2013, his fee amount is reduced by $259.00 to $13,130.00.[7]

### B. Hourly Rate for Paralegals.

Petitioners request an hourly rate of $125.00 for work performed by paralegals at the law firm during 2012-13. Respondent opposes the request. Res. Response at 6. Comparing the requested amount to an award using the hourly rate of $95.00 for work performed in New York City in 2011 and an award using the hourly rate of $95.00 for

---

[4] The only work performed in 2011 was a phone call between Mr. Gage and petitioners on September 1, 2011. All other work was performed in 2012 or 2013.

[5] The CPI index calculator can be found at http://www.bls.gov/data/inflation_calculator.htm (last visited February 27, 2014). This calculator uses an average CPI for the specified year.

[6] In petitioners' motion, Mr. Gage lists his total amount of fees as $5,220.00. Looking at the hours billed, Mr. Gage's total amount of fees requested should be $5,356.00. Thus, $5,356.00 minus $130.00 is $5,226.00.

[7] In petitioners' motion, Mr. Gerstein lists his total amount of fees as $13,129.00. Looking at the hours billed, Mr. Gerstein's total amount of fees requested should be $13,389.00. Thus, $13,389.00 minus $259.00 is $13,130.00.

3

work performed in Boston, Massachusetts during 2006 (adjusted for inflation to $110.00 for 2013), respondent argues that the appropriate hourly rate for Cheyenne, Wyoming should be $100.00. *Id.*

Several of my colleagues recently determined that $100.00 is an appropriate hourly rate for paralegal work performed in Cheyenne, Wyoming in the same cases in which the hourly rates for Mr. Gage and Mr. Gerstein were determined. *Dingle*, 2014 WL 630473, at *3; *Lawrence*, 2013 WL 3146775, at *4. I have examined their reasoning and agree with their analyses. Accordingly, I will calculate the amount awarded for paralegal work using an hourly rate of $100.00. This calculation results in a reduction of $860.00. The new total for work performed by the paralegals in this case is $3,440.00.

### III. Conclusion.

Because of the reductions specified above, the amount of attorneys' fees and costs sought by petitioners is reduced by $853.00.[8] Petitioners are awarded $5,226.00 for work performed by Mr. Gage, $13,130.00 for work performed by Mr. Gerstein, $3,440.00 for paralegal work, $156.38 for attorneys' costs, and $350.00 for costs paid by petitioners for a total amount of $22,302.38.

**Pursuant to §15(e), I hereby award a total amount of $22,302.38 to be paid as follows:**

- **a lump sum of $21,952.38, in the form of a check payable jointly to petitioners and petitioners' counsel, Richard Gage, Esq.; and**

- **a lump sum of $350.00, in the form of a check payable solely to petitioners.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
**Denise K. Vowell**
Chief Special Master

---

[8] This amount represents the amount of my reductions, $1,249.00 minus the positive amount due to corrections in petitioners' math, $396.00.

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).